Okay, our next case is number 18-1735, Shea v. Wilkie. Okay, Mr. Belfer. May it please the Court, we are here to ask this Court to require the VA to use... Let me see if I can understand where things stand with respect to the Sellers case. As I understand it, the government has appealed the decision at Sellers. You rely on Sellers, of course. Am I correct about that? Your Honor, I'm not sure of exactly what the posture of Sellers is, but I know that, at least at this point, it has not been overruled that it remains a presidential decision. Well, sure, but it's been appealed to our Court, as I understand it. Well, I can ask the government to confirm that. Your Honor, I'm not sure exactly what the posture of Sellers is. I would nevertheless submit that it is persuasive reasoning that this Court should follow in evaluating this claim. Now, the issue here is whether the VA used the correct legal standard in determining which claims a veteran has raised. To fulfill Congress's intent to create a non-adversarial... Can I ask you this? So we're talking about the old 3.155? Correct. Okay, and the language, such informal claim must identify the benefit sought. And there's a dispute about whether the language used in the October 2007 application did that. So here's one question. Were medical records attached to that application, or are the medical records on which you rely to try to bring into the actual application the claim for the psychiatric-related condition, were those records unearthed by or found by, put into the record by the VA, or were they actually attached to the application? Your Honor, they were in the record, but... I'm sorry, in what record? In the service medical records. So now you're saying, I think you're saying they were not attached to the application. They eventually became part of the application for benefits by the usual process of the VA getting the service records? Is that what happened? Not quite, Your Honor. So it's true that they were not attached to the application, but Ms. Shea did specifically ask the agency to obtain the relevant medical records. And if I could turn your attention to a particular place in the record where she did that. I'm looking at Appendix 290. And so this is a statement in support of claim. And if you look down a few lines, it says, I was treated at United Regional Medical Center, Texas, HealthSouth, Texas. And that's important, HealthSouth, Texas. And then a few lines down, it says, please obtain these records and grant benefits. So the veteran is specifically asking the agency to obtain the records from HealthSouth, Texas. And, of course, the application, if you turn to the veteran's original application, which is at Appendix 245, HealthSouth Rehabilitation Hospital is also referenced there. And she also lists a specific time window. I'm sorry, this is not a one page document. Which part of this document refers to that? So I'm looking now at Appendix 245. And so this is where she lists her benefits. And if you look in the second row, she says, HealthSouth Rehabilitation Hospital. And then she lists the specific time window where relevant records of HealthSouth are from January 31st to April 13th, 2007. So between this and the later statement explicitly asking the agency to obtain records from HealthSouth, the veteran is clearly directing the agency to a particular location in the record where relevant evidence is located. And I would turn this court's attention to another document in the record. And this is at Appendix 171. The court will note that this is a record from HealthSouth Rehabilitation Hospital. It's dated February 1st, 2007. In other words, this is from the specific hospital the veteran referenced and asked the VA to obtain records from. And it's in the time window the veteran referenced in her application. And if you look down at Diagnosis towards the end, it says, Diagnosis, Generalized Anxiety Disorder and Depressive Disorder, NOS. And a few lines above, it says the veteran showed mild impairment in memory, history of anxiety and depression, which are currently exacerbated. And that's the key language, because in this record, which the veteran has specifically linked to her application, the treating physician is saying that she has exacerbated anxiety and depression. And this is one week after the accident. The accident was January 23rd. This is February 1st. So this record, which the veteran has specifically directed the agency to, shows that the veteran had psychiatric disabilities, which were exacerbated by the accident. Okay, can I ask a, I guess, a non-record-specific legal question? Yes, Your Honor. Is there in the statute or in regulations anything like a definition of benefit sought? Your Honor, I do not believe that there is a statutory elaboration of the meaning of benefit sought. But what there is is precedent by this court and the Veterans Court that elaborates on what the agency needs to do when it's determining. There seems to be, I don't know, a general assumption, maybe partly disputed, this is what I'm trying to figure out, that benefit sought is referring to the condition on which the ultimate monetary benefits would rest. So that benefit is effectively being equated with relevant condition or disability. And I'm trying to understand if there's actually a statutory or regulatory basis for that, or benefit just means I want money for, I want money. Your Honor, I think there's no dispute that benefit sought means benefit for a disability. And so to identify the benefit sought, there's no dispute. The veteran needs to somehow identify that she wants benefits for a particular disability. Okay, so the problem is if we were to adopt your view of medical records qualifying as informal claim, at least where somebody has made some claim for disability benefits, doesn't that mean that in every single case where there's a claim for benefits that the VA has to search through the medical records to find the basis for some other physical condition that would support a claim? No, Your Honor. We are not challenging the Veterans Court's holding. The medical evidence alone cannot raise a claim for benefits. That's not my question. My question was, aren't you saying that every time there's a claim for disability benefits, that the VA would be obligated to search through the medical records to see if there was some other physical condition other than the one identified in the claim itself that would support disability benefits? Two points, Your Honor. First of all, under the statute, the agency is already required to review the entire records. Is that the scope of what you're asking for? We are not asking the agency to look through the entire record and develop every single disability that's referenced in the record. That is not. Then I'm not understanding what you are asking for. Your Honor, we're asking that the agency consider the application together with the evidence of record. Evidence of record? Not evidence of record where? You mean in the VA records? In all the evidence before the agency. That includes service medical records as well as any other records submitted. So my statement about the scope of what you're asking for seems to be correct. I don't understand how it's not correct. Your Honor, what we're asking is where the application specifically points to specific records, treatment in a specific hospital during a specific window of time. So it's only those records that they'd have to look at? Those would be the records that they look at in determining which claims have been raised. Because when you're determining which claims... So you're saying that the service member has to point, if the service member points to particular records in the claim, the VA has to look at those records and see if those records would support an alternative theory. Yes, Your Honor. If the veteran says obtain records from this particular hospital during this particular period of time and grant benefits, then yes, the agency should look at those particular records and determine if those records raise a claim. Again, it's not the records themselves. It's the combination of what the veteran has said in her application combined with the evidence of record. And we think that under this court precedent, which requires the VA to fully and sympathetically develop a veteran's claim to its optimum, including by determining all potential claims raised by the evidence, the court held that, for instance, in Moody, under that standard, we think the agency has an obligation to consider all potential claims for benefits raised by the combination of the veteran's application and the evidence of record. Your Honor, I would like to... point to the records themselves and to say, look here and you'll find information pertinent to my disability, or does she have to do more than that? For example, say that if you look in these particular records, you'll find conditions of PTSD, or does she have to identify the medical condition that she believes would be a basis for disability benefits? Your Honor, the veteran is not required to explicitly state the condition in her application. It is sufficient if she links her application to specific records. She says, look at records from this hospital during this time window, and those records show that she had a disability. And in particular, given that the veteran not only linked to those specific records from that hospital during that time window, but if the agency looked at her application, it would also see that all of the benefits she was claiming were from a specific day, January 23, 2007. And so it's at least possible that the agency would have inferred that she was attempting to claim benefits for all disabilities from that accident. So is it your argument that the words, and grant, look at the records and grant benefits, that that satisfies the regulation that we're dealing with here? Your Honor, we are not asking this court to determine whether that, in fact- Is that an informal claim that identifies the benefits sought under 3.155? It could be. That's ultimately a question of fact or application of law to fact, whether the veteran's application meets the requirements of the regulation. We are not asking this court to decide any issues of fact or application of law to fact. And so whether her application in fact- I would assume that you agree that the question of what kinds of records are sufficient is a legal question of an interpretation of the regulation. Correct, Your Honor. What we're arguing is that the question of what the agency needs to do in determining which claims a veteran raises, what the process is, that process is a legal question. Which evidence you have to look at in determining whether the veteran has raised a claim, that's a legal question. And so that's what we're asking this court to decide. And so what we're asking this court to do is to vacate the veteran's court's decision and remand so that the agency can determine in the first instance whether the application, together with the evidence of record, raises a claim. That is the analysis that the board should do in the first instance. But here, they just didn't do that analysis. And I'd like to reserve the remainder of my time for rebuttal, please. Okay. Ms. Finnan? May it please the court, on behalf of the Secretary, we're asking this panel to either dismiss for lack of jurisdiction or affirm on the merits. So you're appealing the sellers' decision, right? We have filed a notice of appeal of sellers, yes. So here, it seems to me we have a little bit of an unusual situation in that the physical evaluation board determination, which resulted in the separation, refers to the very medical conditions that are at issue here, right? Page 195 of the appendix. Would you agree that if the claim form had attached the physical evaluation board decision, that the claim would have been properly raised? If, I'm sorry, if the veteran had- appears at appendix 195, physical evaluation board determination, would you agree that that would constitute an informal claim for battles, or a formal claim for battles? Obviously, this would be a fact-specific inquiry, and it's not the case here. But no, I would not concede that, because the regulation specifically requires that a claimant submit something in writing that identifies the benefits sought. In this instance, if Ms. Shea, as you suppose, had submitted the same formal claim that we have here, in which she delineated four specific physical conditions, and attached to that form her P.E.B. determination, the P.E.B. form would support the claim, right? Because she was ultimately found unfitting for the four physical disabilities. But that P.E.B. report says, yes, she has a diagnosis of adjustment disorder with anxiety and depression, but it was not compensable or rateable, or the basis for her discharge. So, that would bring us back to there just being a diagnosis or symptomology in the medical records, which this court and the Veterans Court have found is not sufficient. There has to be some affirmative showing from a veteran. I haven't addressed that question in this context, where there's been a formal claim for benefits, and the question is, what scope should that be given? Yes, but this court has found that, in general, the scope of a claim, or the effective date assigned by the Veterans Court to a claim, are questions of fact, or the application of fact, that are not within this course. The government always has arguments, jurisdictions, but it's not a question of fact. It's a question of what is necessary to make an informal claim, the kinds of records, the kinds of references that are necessary. Talking about it in those categorical terms is a legal question, isn't it? As to what is, as a matter of law, sufficient, yes, that can be a legal question. But we would submit that on this record, although Ms. Shea has argued that she is submitting a question with respect to the interpretation of 3.155A, or an interpretation of the doctrine to sympathetically construe a filing, what she's actually doing, in practice, is seeking a re-adjudication of the scope of her claim, and the effective date assigned to that claim. The regulation is very clear, and the regulation, to harken back to the panel's earlier question, comes from statute. We have 38 U.S.C. 501, which is Congress's delegation to the VA to prescribe rules and regulations to carry out its obligations. And that 501A1 includes, with respect to the nature and extent of proof and evidence thereof. So the VA has been charged with promulgating regulations for that purpose. 38 U.S.C. 5101A1A also provides that a specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid. So we've got a statutory requirement for a claim of some kind. Then 38 U.S.C. 5107 provides that except as otherwise provided by law, a claimant has responsibility to present and support a claim for benefits under the laws administered by the Secretary. So those are Congress's statements with respect to what it expects. It expects some sort of claim, and it's delegated to the VA, the authority to prescribe rules and regulations. We adopted 3.155 that addressed informal claims. Yes. And there it says that an informal claim must identify the benefits sought. Yes. And we see here a record where it says, look in this basket and grant me my benefits. Why is that not an identification of the benefits sought? Well, she did identify benefits sought. So in October 2007, she did file a formal claim specifically expressing an intent to apply for benefits and identifying the benefits sought. What the board determined and the Veterans Court agreed was that that formal claim in October 2007 identified four specific physical conditions. Yes, they were all attendant to an in-service accident. But I would take issue with the characterization of the record that that formal claim in October 2007 was not for all benefits, for anything that might have arisen as a result of the truck accident. It was not a generalized claim for all benefits that might have arisen as a result or within a timeframe. If we go to Appendix 245, which is the first page of that formal claim, there are four specific physical conditions delineated. Pelvic fractures and transverse process fracture of L3. That's the first one. Shortness of breath. That's the second. The third, right and left pulmonary contusions. And the fourth, pain in chest. Can I ask, do I understand your position to be something like somewhere in the application, there has to be language that at least arguably suggests the condition that later becomes at issue? Yes. And you say there isn't such language here. There is not. So why is that position consistent with, I don't know, let's call it the Roberson standard, which we've quoted three, four, five times since then, which sure sounds like if it's in the medical records, the agency has to ferret out any claim that would be supported by those records. Yes. So the Roberson case does stand for the proposition that the VA has a duty to fully and sympathetically construe the claims brought by a claimant. But it goes even beyond that. Some of the language is, and this I think may be even a stronger position than your friend on the other side is even arguing for, that if a claim is supportable, reasonably apparent, maybe that's a slight narrowing or a significant narrowing from the medical records, which will in fact by your own obligation have to be collected and put into the record of the proceeding, then you're obliged to treat it as having been informally the subject of the application. It seems to me Roberson's language says that, even though its particular circumstances are more narrow. Right. But the circumstances are relevant, right? Those circumstances were the context within which the court was opining in Roberson. In Roberson at issue was whether or not a claimant's, a veteran's claim that included evidence of a medical disability, plus a demand for the highest rating possible. Which was never quoted as far as I can tell. It seems to be asserted that that's what the claim is. Right. And then that would naturally include TDIU as 100%. Right. And in that context, the court determined that having submitted evidence of a medical disability, a claim for medical disability sought the highest rating, and the record containing evidence of unemployability was sufficient to raise a TDIU claim. A TDIU claim is not by its nature a freestanding claim. It's an extent of a benefit, right? And so in that instance, and we would agree and submit, that Roberson is talking about once there is a claim in front of the VA, the VA has an obligation to help the veteran fully and sympathetically to develop the claims in front of it. But Roberson, and no case that we are aware of, interprets that duty to sympathetically construe a filing to include an obligation for the VA to disregard the parameters of the claim submitted by the veteran, and instead go to the medical records, however narrow or broad they may be, to root out claims that have not been made. What happens is a practical matter when a claim goes to the RO. Does the RO collect all the veteran's medical records, or just selected portions? It is my understanding they would submit everything that it's within their capacity to collect. So they would, any in-service treatment records, anything that happened at a VA hospital, they would collect those records in determining the claim? Yes. I think not in this case, but as a practical matter, that can sometimes be difficult when claims date back to the 60s. Otherwise they quite severely put themselves at risk for lack of finality under 156. Yes, and they have a duty to assist also in collecting and reviewing an entire record. What's the current, so 1.155 has been amended, right? And what can you tell me about the continuing significance of the doctrinal point we are discussing? Okay, so the version of 38 CFR 3.155A, which is at issue in this case, was effective through March 15th, 2015. As of March 15th, 2015, the section was amended. It was then recently amended, I think in February of 2019, although consistently. The trend has been to make the claim submission process more formulaic. A specific form is now required, and there are more steps, more articulation of what is required and when and whose duty is where. What changes, if any, bear on the sufficiency of informal claims? Well, there is not an informal claim now, as there was in the version of the regulation that's at issue. It doesn't refer anymore to informal claims at all? No, now a veteran has to submit a claim on the form prescribed. My understanding of the new regulation is if they were to communicate something that under the old law would resemble an informal claim, the VA will respond back with the form for them to submit. And give them something like a year or something to file it? That's the old rule. There was a rule. I'm not sure what the time delineation is. But are there many claims because they're looking back to the pre-amendment era in which this issue determining the scope of the old 3.155A still matters, or is this a fading issue? That I can't say. I would assume there's, and I'm sort of speaking outside the record here, but just given my understanding of how long it takes many veterans' claims to wind their way through the system, there are probably still a significant number of claims that could wind their way to this court under the version of 3.155A that's now before you. And can I ask you this question? Do you agree or disagree that the standard that the Veterans Court articulated in Sellers is inconsistent with the standard it applied in this case? Are those two cases compatible or not compatible, or what? They are distinguished on the facts. And, I mean, we have filed a notice of appeal in Sellers. We don't believe Sellers was correctly decided under the applicable law. Sellers and this case are similar only insofar as that same version of 3.155A was in effect at the time both claims were made. I'm not understanding that. Under Sellers, wouldn't this case have to go back to be reconsidered by the Veterans Court? Sellers, yes, but the United States government has taken an affirmative appeal. Yeah, yeah, I understand. But I think Judge Ferrano was asking where would this case come out under Sellers, and I understand you concede that this would have to go back under Sellers. No, because I think the facts are distinguishable. So in Sellers, the veteran made a generalized, or what the Veterans Court found was a generalized statement of claim for all benefits from his in-service, right? It was a very highly, he had delineated, he also had delineated physical conditions, but then at the end of the form that he submitted, he has a generalized statement of intent to seek benefits for all, anything that could have arisen in service. And it was that generalized aspect on his claim form that the Veterans Court picked up on in Sellers. What sense does it make to say, you must say at the end of your claim form, and I want everything I'm entitled to, as opposed to just assuming in this regime, everybody is always, whether expressly or not, asking for everything they're entitled to. Well, right. The Secretary, we have filed a notice of appeal in Sellers. We don't believe that Sellers standard, that hinges in part off of this idea of a generalized statement of, I want all, anything I can get, is sufficient to meet the claim standard. But that's to be adjudicated in Sellers when we get there. But this case is distinguishable in that there is no generalized statement of intent to seek benefits for a wide time frame for anything arising from that accident, from anything arising from service. This case involves PTSD, correct? Yes, it does. Okay, so I may not be correct here. So when you're looking at the onset of PTSD, don't you look for a trigger event? And there's no doubt, it seems to me, that this record reflects that the trigger event was her getting hit by that truck. Yes, that's correct. And she has been given... And the records from that time indicate a mental condition. Yes. So what's the difficulty here? I just don't understand. I can understand cases where the VA goes off on a major scavenger hunt looking at all records. But that's not the case here. This is a trigger event. You go back to the date, you look at the trigger, you look at the medical records surrounding that, and those indicate mental conditions. And, in fact, some mental conditions prohibit or inhibit a veteran from actually identifying what their problem is. If you have anxiety, depression, and you have periods of forgetfulness, I mean, you may not remember to put down PTSD or something on this application. But the records reflect that. And she did point to the records and say, let me know my benefits from these records. She did point to benefits and say... She did point to four physical conditions and say, look at my medical records in support of these four physical conditions. I take your point that someone could have a mental or psychological condition that could prohibit them from accurately conveying that symptom. But that has never been alleged in this case. Ms. Shea has never sought or been given total disability. She's never been deemed incompetent. She also... She has been granted disability benefits for PTSD. She absolutely has. That invokes what I was just describing with respect to the trigger event. I mean, I think this case involves another degree of specificity as to which records to look at and what to look for. There's no danger here of going off on a scavenger hunt. Your Honor, we have a case in front of us that has a fairly narrow record. But what Ms. Shea is seeking is a broad statement from this court that the VA has some duty to disregard the specific parameters of a claim filed by a veteran and instead look at the totality of the medical records and root out conditions. No, her claim is that the VA has to look to the records that she's identified, and if those records raise another condition, they have to consider that. I think that's not a claim that's as broad as your description. But in this instance, if we go back to the original records, Ms. Shea was very injured from the truck accident, right? She had many more physical injuries from that truck accident than she even then sought in that formal claim in October 2007. Yes, she had a preexisting diagnosis of adjustment disorder with anxiety and depression, and in rehab after the accident, while still in service, there is a medical record that says she is continuing to feel symptoms, but it also says she is taking medication and seeing improvements. So in the same way that, yes, there might be medical records that have a mental condition, mental conditions can also come and go, or they can always be there, but they can have varying effects on an individual veteran's life. But wouldn't what you're just discussing be a matter for consideration of what we would recognize as the informal claim, and then the RRO might say, well, we don't think it supports the conclusion, as-applied conclusion for the year edition? We're talking about a one-year amount here? Yes, and in this instance, the first mention in any kind of submission in writing to the VA of anything that was non-physical, mental, emotional, psychological, was her notice of disagreement with the ratings on her physical conditions. That was in July 2008, and in that notice of a disagreement where she is seeking a higher rating for the physical disabilities, there's one sentence that says, I don't remember a lot of things I do, even the same day. The VA, exercising its duty to fully and sympathetically construe a claim from a veteran, construed that single sentence in the course of an NOD that otherwise was fully concerned with her physical disabilities. Did the VA follow through on its obligations under Jones to help her obtain the records, the medical records to look at the event and her conditions after the event? Yes, the VA has a... My understanding is the VA got a complete medical record and there's no claim that there was anything missing or not considered. But the VA did take that single sentence, I don't remember a lot of things I do, even the same day, that's between Appendix 302 and 305. Exercise the duty... So when the VA found or granted her disability for PTSD, it went back and looked at the records and found the trigger event, when she got hit by the truck. Yeah. If the VA can do that on its own and for its own behalf, why can't it do it on behalf of a veteran? Well, it doesn't... The VA did establish that this accident was the onset of the PTSD. That was a trigger event. Yes. That's for the benefit of the, I guess, of the VA, but why can't that same finding uphold her request for her benefits, her informal claims? Because under law and regulation, a veteran is entitled to the earliest effective date of a claim for benefits or if that claim is made within a year of discharge, the date of discharge. So in this instance, the VA, the board and then the VA, or the, excuse me, the board and then the Veterans Court found that that July 2008 letter, saying she couldn't remember a lot of things, was the first submission in writing by a claimant identifying the benefits sought. She didn't have to identify PTSD. She didn't have to cite to her diagnosis for anxiety, depression, or adjustment disorder, but she did need to put forth some evidence of intent to apply for benefits and identify the benefits sought. Let me see if I can understand that. If, in fact, she had received benefits for physical disabilities at this time, under the regulation, is it 1.162, whatever it is, if there had then been a medical record showing that she had symptoms of PTSD, then that would have been considered to be an informal claim, right? She, no, medical records alone are never sufficient. I thought medical records were sufficient if you were already receiving benefits. Medical records are sufficient to substantiate an increased rating on something that has already been determined service-connected. But not for a different benefit? But not for a different benefit because that goes back to the statutory and regulatory definition that puts the onus on the claimant to identify the benefits sought in some kind of written writing, right? The VA needs something to work from, and this makes sense. The claimant, the veteran, is in the best position to know what ails them. Okay, let me ask you one other question here. A few minutes ago, you were discussing the amendments to 155, and you said that the practice under the amended regulation now is if you have something which would have qualified as an informal claim before, now the veteran is sent a formal claim form to fill out, correct? I'm speaking a little bit outside of my comfort zone, but I believe that that is the current state of the regulation of form. In order to perfect a claim now with the VA, you have to file it on a form. So it seems to me that perhaps the issue we're talking about is still relevant under the new regulation because it will come up in a little bit different context. In other words, was the VA obligated to send out a formal form to the veteran because the veteran's having identified an informal claim at an earlier date, right? I don't think there's any allegation in this case. No, no, no. This is a hypothetical. What I'm saying is the issue that's before us today doesn't necessarily become moot under the amended regulation because the issue will still arise. Did the VA have an obligation to send the formal claim form to the veteran because the veteran did something which would have earlier qualified as an informal claim? I don't know that that's a controversial statement. I think that the issue in this case that survives under the new regulation is Ms. Shea's claim that a diagnosis or symptomology in the medical record is sufficient to raise a claim even if the actual claim filed, formal or informal, is seeking benefits for wholly different conditions. I don't know. I'm just looking at this. It feels like it might be relevant. I think the new regulations talk about an intent to file a claim. That's what triggers the obligation. And it says an intent to file a claim must identify the general benefit, e.g., compensation, pension, closed parenthesis, but need not identify the specific benefit claimed or any medical conditions on which the claim is based. The intent under the new regulation, the intent need not, but the ultimate claim would have to. The form has to be filled out. Right. Okay. Thank you, Ms. Fenn. Thank you. Mr. Belfer. Your Honors, I'd like to make a few brief points in response to the government. First, the government said that the duty elaborated in Roberson was limited to the facts of that case, but that is simply not what this court has said. For instance, in the Moody case, the Veterans Court had held that Roberson was limited to its facts, and this court vacated and remanded, holding that the Veterans Court had disregarded the broader holding of Roberson, but the agency must consider all potential claims raised by the evidence when considering any pro se application. The government also said that the veteran has an obligation to affirmatively request benefits, and that we're saying that medical records alone are sufficient, but our position is not that medical records alone are sufficient. It's that the agency must consider the veteran's application together with the record. And critically, this court has never held that the veteran must affirmatively name a disability. That's just not in the case law. Rather, what this court has said is that the agency must look at the veteran's application together with the record, consider all potential claims raised by the evidence. And finally, the government says that the specificity in the veteran's application somehow argues against affording her benefits, but that's not the case. That might be the case in adversarial civil litigation, where you hold parties to what they said and no more, but in the pro-claimant system, the non-adversarial pro-claimant system, where the agency has an obligation to help veterans obtain all benefits to which they're due, there is no place for presumption in limiting veterans to what they request explicitly. So for those reasons, we urge this court to vacate the Veterans Court's decision and remand to the agency to apply the correct legal standard. Thank you. Okay, thank you, Mr. Belfer. I thank both counsels. The case is submitted.